UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMESON KEALII KAUHI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTRYWIDE HOME LOANS, INC., et al., <br><br> Defendants. | CASE NO. C08-5580BHS <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE AND FOR MORE DEFINITE STATEMENT |

This matter comes before the Court on Defendants' motion to strike and for more definite statement. Dkt. 22. Defendants move the Court to limit Plaintiffs' complaint to 100 pages and to strike the amended complaint.

Plaintiffs have filed a 302-page amended complaint. Dkt. 20. Plaintiffs maintain that because of the complexity of their causes of action, brought under RICO, 18 U.S.C. § 1961, the length of the complaint is appropriate. Dkt. 25, 2-3.

A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a). A party may move for a more definite statement of a pleading to which a responsive

ORDER – 1

1  pleading is allowed but which is so vague or ambiguous that the party cannot reasonably
2  prepare a response.  Fed. R. Civ. P. 12(e).

    This Court has already ordered Plaintiffs' counsel to file a more definite statement in a similar action brought under RICO where counsel had filed a 175-page complaint. *See* C08-5359BHS, Dkt. 14. Counsel responded by filing a 123-page complaint. Dkt. 15. Counsel has filed similar complaints, and been similarly ordered to file more definite statements in at least one other case in the Western District of Washington. *See* C08-5298RBL, Dkt. 26 (Judge Leighton ordering a more definite statement after counsel filed a 465-page complaint).

    Plaintiffs' complaint is repetitious and needlessly long, and Defendants cannot reasonably prepare a response. Rather than striking Plaintiffs' complaint or setting a page limit, as requested by Defendants, the Court instead orders Plaintiffs to file an amended complaint that complies with Fed R. Civ. P. 8(a). <u>Plaintiffs' counsel is instructed to review Fed R. Civ. P. 8(a).</u>

    The parties are also on notice that counsel may be personally liable for "unreasonably and vexatiously" multiplying the proceedings of this case. *Salstrom v. Citicorp Credit Services, Inc*., 74 F.3d 183 (9th Cir. 1996).  Under 28 U.S.C. § 1987, a Court may impose sanctions as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*See Salstrom*, 74 F.3d at 185.

### III. ORDER

Therefore, it is hereby **ORDERED** that

Defendants' motion for more definite statement (Dkt. 22) is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion to strike is **DENIED**. Defendants'

motion for more definite statement is **GRANTED**, and Plaintiffs are ordered to file an amended complaint no later than December 18, 2008.

DATED this 10th day of December, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER – 3