UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMESON KEALII KAUHI and
RAMONA CARMELLE KAUHI,

Plaintiffs,

v.

COUTRYWIDE HOME LOANS, INC.;
BANK OF AMERICA CORPORATION;
COUNTRYWIDE FINANCIAL
CORPORATION; HSBC BANK, USA,
NA; RECONSTRUST COMPANY, NA;
COUNTRYWIDE BANK, FSB; ACE
SECURITIES CORP. HOME LOAN
EQUITY LOAN SERVICE SERIES
2007-WMI; ACE SECURITIES
CORPORATION; WELLS FARGO, NA,

Defendants.

CASE NO. C08-5580BHS

ORDER TO SHOW CAUSE
AND TO FILE DISCOVERY
PLAN AND INITIAL
DISCLOSURES

This matter comes before the Court on Defendants' motion for reconsideration. Dkt. 42. The Court will address two issues: service of the second amended complaint and the joint status report and discovery plan.

**I. BACKGROUND**

On September 26, 2008, Plaintiffs filed a complaint. Dkt. 1. On November 10, 2008, Plaintiffs filed a 302-page amended complaint naming nine Defendants. Dkt. 20. Counsel has filed notices of appearance on behalf of all Defendants except for Ace Securities Corp. Home Loan Equity Loan Trust Series 2007-WMI ("Ace Trust Series"). *See* Dkts. 19 and 31. The Court notes that Plaintiffs filed a cover sheet purporting to serve

ORDER - 1

Ace Trust Series with the amended complaint, but did not file a summons naming Ace Trust Series. *See* Dkt. 12.

A.  **JOINT STATUS REPORT AND DISCOVERY PLAN**

On October 1, 2008, the Court issued an order regarding initial disclosures, joint status report and early settlement. Dkt. 15. The Court set a January 22, 2009 deadline for filing initial disclosures pursuant to Federal Rule of Civil Procedure 26(a). *Id*. The parties were further ordered to provide a joint status report and discovery plan ("JSR") no later than January 29, 2009. *Id*. As of the date of this order, no initial disclosures have been filed.

On December 10, 2008, the Court granted Defendants' motion for more definite statement. Dkt. 27. On December 16, 2008, Plaintiffs filed a second amended complaint. Dkt. 28.

On January 29, 2009, the parties filed a JSR. Dkt. 29. According to the JSR, as of January 29, 2009, "plaintiffs [were] yet to serve defendants with the summons and second amended complaint pursuant to FRCP 4. Plaintiffs intend to effect compliance with Rule 4 within 45 days of submission of the Joint Status Report." *Id*. at 2. In addition, the JSR indicates that the parties held a Rule 26 discovery conference, but agreed that no discovery plan was "appropriate" at the time the JSR was filed because Plaintiffs were yet to serve Defendants with the second amended complaint. *Id*. at 4. Thus, Plaintiffs' counsel conditioned the completion of the discovery plan on serving the second amended complaint on Defendants. As of the date of this order, no discovery plan has been filed.

B.  **SERVICE OF SECOND AMENDED COMPLAINT**

After Plaintiffs failed to serve Defendants with the second amended complaint for more than 120 days, Defendants filed a motion to dismiss for failure to serve the second amended complaint, pursuant to Rule 4(m), on behalf of all Defendants except for Ace Trust Series. Dkt. 32. Plaintiffs did not file a response to this motion; instead they filed documents purported to constitute affidavits of service. Dkts. 34-40.

On May 19, 2009, the Court denied Defendants' motion to dismiss. Dkt. 41. In denying the motion, the Court stated that Plaintiffs had served all Defendants with the second amended complaint. *Id*. (*citing* Dkts. 34-40).

On May 22, 2009, Defendants filed a motion for reconsideration. Dkt. 42. Defendants argue that Plaintiffs still have not properly served three Defendants with the second amended complaint: Countrywide Bank, FSB, Ace Trust Series, and Ace Securities Corporation.[1] Defendants point out that the document Plaintiffs filed under Dkt. 36 is a duplicate of the affidavit for Countrywide Home Loans, Inc., although the document purports to be an affidavit for Ace Securities Corporation. In their motion for reconsideration, Defendants move the Court to dismiss all claims against these three Defendants without prejudice.

On May 27, 2009, the Court issued an order permitting Plaintiffs to address the issues raised in Defendants' motion for reconsideration. Dkt. 45. On May 29, 2009, Plaintiffs filed an affidavit of service stating that the second amended complaint was served on Ace Securities Corporation. Dkt. 46. This document indicated that the complaint was served on April 29, 2009 on the law firm of Thatcher, Proffit & Wood, the "registered agent," located at an address in the state of New York. *Id*.

On June 1, 2009, Plaintiffs filed a response to the Court's May 27, 2009, order. Dkt. 47. Plaintiffs maintain that Ace Securities Corporation has now been served, and that Ace Trust Series has been served "by and through the same entity." *Id*. at 2. Plaintiffs also state that they "have recently requested clarification from the attorney process service firm to clarify whether both entities [Ace Securities Corporation and Ace Trust Series] were intended to have been served by and through the same entity, and that a correction to a certificate of service reflecting the proper name of the party be effected for proper filing." *Id*. Finally, "Plaintiffs are presently awaiting a response from an attorney process

---

[1] Apparently, Defendants concede that the other six Defendants have been properly served.

1 service relative to the effectuation of service upon Countrywide Bank, FSB, and shall immediately e-file such certificate of service" with the Court when the document is available. *Id*. at 2.

On June 5, 2009, Defendants filed a reply. Dkt. 48. First, Defendants maintain that Ace Securities Corporation is a Delaware corporation, and that its registered agent is listed as the Corporation Trust Company of Wilmington, Delaware. Defendants also maintain that the New York Secretary of State does not list a registered agent for Ace Securities Corporation in New York. Defendants further maintain that the law firm which Plaintiffs claim is the registered agent for Ace Securities Corporation has ceased operations. Second, Defendants maintain that the affidavit of service does not mention Ace Trust Series on the document filed, but rather, Ace Trust Series is mentioned only on the PACER title. Third, Defendants maintain that Countrywide Bank, FSB, has still not been served.

## II. DISCUSSION

The Court will address two issues: service of the second amended complaint and the joint status report and discovery plan.

### A.  SERVICE OF SECOND AMENDED COMPLAINT

Plaintiffs apparently do not dispute Defendants' contention that Federal Rule of Civil Procedure 4(m) governs this dispute. In addition, Plaintiffs represented to Defendants that a discovery plan could not be completed until Defendants were served with the second amended complaint.

It appears that Plaintiffs have not properly served Ace Securities Corporation with the second amended complaint. *See* Dkt. 50 (Exhibit C) (indicating that Ace Securities Corporation does not have a registered agent in New York). In addition, as Defendants point out, Plaintiffs' "affidavit of service of summons and complaint" filed on May 29, 2009, does not mention Ace Trust Series. *See* Dkt. 46. Finally, Defendants provide evidence that the law firm, Thatcher Proffit & Wood, ceased practicing law in December

2008. *See* Dkt. 50, 13-15 (Bloomberg.com article indicating this firm ceased operations). Finally, Plaintiffs have not served Countrywide Bank, FSB.

As of the date of this order, 182 days have expired since Plaintiffs filed the second amended complaint. Plaintiffs represent that they cannot proceed further with their action until service has been completed. Plaintiffs are ordered to show cause, if any, why this case should not be dismissed against Defendants Ace Securities Corporation, Ace Trust Series, and Countrywide Bank, FSB.

**B.     DISCOVERY PLAN**

The Court notes that the parties have not complied with the October 1, 2008, order requiring that the parties file a discovery plan. In addition, no initial disclosures have been filed. *See* Fed. R. Civ. P. 26(a) (requiring parties to provide initial disclosures); *see also* Fed R. Civ. P. 26(f)(2) (requiring parties to develop discovery plan during discovery conference). According to the JSR the parties filed, Plaintiffs' counsel conditioned the completion of the discovery plan on his serving of the second amended complaint.

The parties are ordered to file an amended JSR which includes a discovery plan no later than July 13, 2009. The parties are further ordered to provide initial disclosures no later than June 26, 2009. The Court notes that it is the Plaintiffs' counsel's responsibility to initiate the communication necessary to prepare the JSR. *See* Dkt. 15 at 2. Should Plaintiffs' counsel fail to comply with this order, the Court will consider sanctions, to include dismissal of this action for failure to prosecute.

### III.  ORDER

Therefore it is hereby **ORDERED** that

Plaintiffs are ordered to show cause, if any, no later than June 24, 2009, why Defendants Ace Securities Corporation, Ace Trust Series, and Countrywide Bank, FSB should not be dismissed for failure to prosecute.

It is further **ORDERED** that the parties provide an amended JSR and file initial disclosures as provided herein.

DATED this 17th day of June, 2009.

BENJAMIN H. SETTLE
United States District Judge